### THOMPSON *versus* GRAY.

1. Where one agrees, by covenant, to pay a certain sum of money for the rent
   of land for one year, the covenant is dependent, and the permission to enjoy
   the land is a condition precedent.
2. But where there is a *general* averment of performance on the part of the
   plaintiff, and the defendant pleads that the plaintiff had not performed the
   covenant on his part, on which plea, issue is joined, and a verdict had in fa-
   vor of the plaintiff, the want of a *special* averment of performance by the
   plaintiff, will be cured under the statute of jeofails.
3. Where the written agreement for the renting of land, states the land to be in
   one township, and the declaration conforms to the writing, the plaintiff can-
   not give in evidence the occupation of land by the defendant in another town-
   ship.
4. But if the township was misnamed by mistake, the declaration might have
   stated and set forth the mistake; and then the evidence of the use and occu-
   pation of the land, intended by the covenant, would have been admissible.

In error from Franklin County Court.

. Gray, by an instrument under seal, rented to
Thompson, for the year 1828, a tract of land, stated
in the deed to be all his open land, on the north west
quarter of section 31, of township seven, and range
11 west, except, &c.; for which Thompson agreed to
pay, on or before the 1st of January, 1829, two
dollars per acre.    On this instrument, Gray after-
wards brought an action of covenant for the recove-
ry of the money.    The plaintiff averred perform-

ance *generally* on his own part, and assigned as a breach, that the money had not been paid. The defendant pleaded that the plaintiff did not perform the covenant on his part; on which issue was joined.

On the trial, the court admitted evidence, on the part of the plaintiff, which was objected to by the defendant, showing that there was a mistake as to the description of the land in the deed, in this—that it lay in the 6th, instead of the 7th township.

There was a judgment for the plaintiff below, which was sought to be reversed in this court, on the ground, that the court below erred in admitting the explanatory evidence ; and that the declaration was defective in not averring *specially* the performance of the plaintiff's part of the covenant.

*P. Martin* for Plaintiff—*Hopkins, contra.*

TAYLOR, J.—This action of covenant was brought by the defendant in error, against the plaintiff, on a deed, by which the original plaintiff agreed to rent to the original defendant, for the year 1828, a tract of land specified in the deed, to be all his open land on the north west quarter, section number thirty-one, township seven, and range eleven west, except, &c. ; for which Thompson agreed to pay, on or before the first January, 1829, two dollars per acre.

The declaration, after describing the deed, avers general performance by the plaintiff, Gray, and alleges a breach by the defendant in not having paid the stipulated rent. The plea is, that the plaintiff did not perform the covenant on his part, on which an issue was formed, and a verdict for the plaintiff.

On the trial, the plaintiff called a witness to prove

that there was a mistake in the description of the land contained in the deed, in this, that it lay in the sixth, instead of the seventh township. This evidence was objected to by the defendant's counsel, but ruled by the court to be proper, and admitted.

There are several assignments of error; but they may be embraced in two.

1st. There was error in admitting the explanatory proof.

2d. The declaration is defective in this, that there is no special averment of performance of the covenant by the plaintiff.

The counsel for the defendant in error contends, that the covenants are independent, and consequently, that it is not necessary that the declaration should contain an averment of performance by the plaintiff; but if this is not the case, that the verdict cures the defect, aided, as it is, by the statute of *jeofails* of 1824.

This is certainly a dependent covenant. The original plaintiff rented to the original defendant land, to be enjoyed during the year 1828; for which the defendant agreed to pay two dollars per acre, "on or before the first day of January, 1829." Although no particular form of expression constitutes a condition precedent, or subsequent; but the court will be governed by the intention of the parties, ascertained by the rules of law; yet the words used will go far in determining that intention. Here it is said, "for which," that is, as I understand it, for the use of the land the said Thompson agrees to pay, &c. But another rule of law applies to this case, of a much more certain nature. Wherever one person agrees to do any service for another, or to sell him any arti-

cle, to be done, or delivered, at a particular time, and it is agreed that payment shall be made to him of the consideration at the time the service is to be completed, or the article delivered, the law determines the performance of the service or delivery of the thing purchased, to be a condition precedent. So, if one man rent land to another from year to year, and it is agreed that at the end of each year the rent shall be paid, the enjoyment of the land is considered a condition precedent.

In this case, the land was rented for the year 1828, and the rent was agreed to be paid on the 1st January, 1829. The moment the time ended, and not before, the landlord had a right to demand his rent. The covenant on the part of the original plaintiff, was, therefore, a precedent one, and performance should have been specifically averred in the declaration.

But is this defect cured by the verdict, or by the statute of *jeofails?* It is useless to examine the effect of the verdict, as we are of opinion the statute does cure the defect.

The statute declares that no case shall be reversed, arrested or otherwise set aside after verdict or judgment, for any matter on the face of the pleadings not previously objected to : *provided,* the declaration contains a substantial cause of action, and a material issue be tried thereon.

This court has always been disposed to give full effect to this act, viewing it as highly remedial and beneficial. It is evident from the record in this case, that a material issue was tried. The defendant filed precisely the plea which he would have done, had the special averment of performance been inserted in

the declaration. He pleaded that the plaintiff had not performed the covenant on his part. This is the very issue which was tried, and yet it is now asked that the case should be reversed, because the declaration did not contain the averment necessary to enable the defendant to make such a defence. In this case, the declaration does contain a substantial cause of action. It is alleged, that defendant had rented plaintiff's land; that plaintiff had performed his part of the covenant, that is, as we understand it, had given him peaceable possession during the term; but that defendant had not paid the rent. We believe, that without the statute, the defect in the declaration would have been cured by the verdict, on the issue made in this case; but we have no doubt that the statute has that effect.

On the other point, we feel compelled to reverse judgment. The agreement states, that the original defendant had rented a part of section *thirty-one, in* township seven; the plaintiff declared for a breach of this covenant, and parol evidence was received to prove that defendant had rented land in township six. Suppose defendant had afterwards been sued for the use and occupation of land in township six, could this verdict and judgment have shielded him from a recovery? Certainly not; for although he rented land in township six, he may have rented from the same landlord in township seven.

But although we believe the court erred in receiving the evidence, as stated in the bill of exceptions, yet we think the declaration might have been so drawn, as to have enabled the plaintiff to have recovered in this action. We do not conceive that the proof offered, came in conflict with the rule of law

forbidding parol testimony to be received, which *contradicts* a written agreement. That rule extends only to a *material* part of the contract. If an attempt is made to show it was intended by the parties to give a bond for two thousand dollars, instead of one, as it is expressed on the face of the instrument, or to make it payable at a different time, this is to contradict the bond by parol; and as the written is more to be relied upon than the parol evidence, the latter can not be received. But if there is a mistake in the date of the instrument, the explaining of which can have no effect upon the time of payment, or if the bond be executed to A B, instead of C B, the plaintiff may state in his declaration, that the bond was executed to him by the name of A B, or that it was made on the fifteenth, but by mistake, dated the sixteenth, &c.; for these explanations can not produce any injury to the defendant, nor open any inducement to perjury : but it would not be competent for the plaintiff to declare on the agreement according to its face, and attempt by parol to make proof, which would vary the description of his instrument so much, from that contained in his declaration. So we believe in this case, the plaintiff might have, in his declaration, stated that the land was a part of the sixth township, but was, by mistake, described in the deed as part of the seventh, and that the contract was carried into execution according to the intent of the parties It could not affect the rights of the parties, in the least, to admit such an explanation. It would be totally immaterial to the defendant, whether the land lay in one township or another, so that he enjoyed the use of it according to the agreement, and it would be

9

equally as immaterial a fact as to the date of a bond, or the christian name of a payee.

The judgment is therefore reversed; but that the plaintiff may have an opportunity of amending his declaration in the court below, the cause is remanded.